## HEARD v. THE STATE.

[No. 6,205.   Filed June 29, 1906.]

1. ATTEMPTS. — *Provoke.* — *Assault.*—*Intent.*—*Evidence.*—Intent is an essential element of the offense of attempting to provoke an assault, and may be proved either by positive or circumstantial evidence.   p. 512.

2. SAME. — *Intent.* — *Evidence.* — Where language used by the defendant, together with his conduct, was capable of an inference that defendant, who had the present ability, was threatening the prosecuting witness with personal violence, a conviction for attempt to provoke an assault is justifiable.   p. 512.

3. APPEAL AND ERROR.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting oral evidence.   p. 513.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Prosecution by the State of Indiana against Charles W. Heard. From a judgment of conviction, defendant appeals. *Affirmed.*

*Perry McCart,* for appellant.

*Charles W. Miller,* Attorney-General, *W. C. Geake, C. C. Hadley* and *Henry M. Dowling,* for the State.

COMSTOCK, P. J.—The appellant was charged and convicted in the court below of an attempt to provoke another to commit an assault. From that judgment he appeals, and

under the assignment of errors he insists that the evidence does not sustain the judgment of the court, in that it does not show an intent upon the part of the defendant.

Intent is an essential element of the offense charged in the case. It may be proved like any other material fact, by positive or circumstantial evidence. Courts and juries are permitted to draw reasonable inferences from the facts proved. The question of intent was one of fact to be determined by the court, and the only question before us is: Was there any evidence submitted to the trial court upon the question of appellant's intent to commit the offense with which he was charged and convicted? If there was evidence, positive or circumstantial, from which the trial court could infer such intent, then this court will not be justified in disturbing the judgment. *Felton* v. *State* (1894), 139 Ind. 531; *Deal* v. *State* (1895), 140 Ind. 354.

John Hollingsworth, a witness for the State, testified that he saw the appellant and the prosecuting witness, Mr. Lambdin, on August 26, 1904, in front of a livery barn in Paoli, Orange county, Indiana; that they were about six or eight feet apart, with nothing between them; that he heard the appellant say to the prosecuting witness: "You have been tending to my business lately and now I am going to tend to yours, and I do not know how you are going to help yourself. If you are, get at it, or if you have any friends here to help you, let them get at it;" that Lambdin at the time was reading a temperance article, and that defendant's manner was angry and insulting.

Samuel R. Lambdin, a witness for the State, testified that he was sitting in front of a livery barn in Paoli, Orange county, Indiana, reading aloud some articles on temperance, in the presence of some other persons; that appellant came up, listened to the reading, and said to one of the persons present: "Here is Bob Lambdin. He came from Crawford county and is reading a temperance lecture;"

that Lambdin told him to go on, that he was not bothering him; that appellant further said: "If you have any way to help yourself I would like to know how you are going to do it, and if you have any friends to help you I would like to know how they are going to do it."

There is some conflict in the evidence as to what was said by and between the parties to the controversy, and also whether appellant's manner was angry and insulting. We cannot say that the language used as above set out can reasonably be understood in any other light than that of an invitation to engage in a physical encounter, and cannot say that there was no evidence to sustain the judgment.

The record presents only questions of fact passed upon by the trial court, and, as we cannot say that there was no evidence to warrant the conclusion of the court, and

3. cannot weigh the evidence, we cannot disturb the judgment.

Judgment affirmed.